UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCOS FLORES,

          Plaintiff,

    v.

WALMART ASSOCIATES INC.,

          Defendant.

Case No.  26-cv-02378-PCP

**ORDER DENYING MOTION TO REMAND**

Re: Dkt. No. 14

Plaintiff Marco Flores filed this state-law employment action against Wal-Mart Associates, Inc. in Santa Clara County Superior Court. Wal-Mart subsequently removed the case to federal court based on diversity jurisdiction. Flores now moves to remand, arguing that the Court lacks diversity jurisdiction because Wal-Mart has not established that the parties are citizens of different states. For the reasons that follow, Flores's motion is denied.

## BACKGROUND

According to the complaint, Flores began working as an auto care center service writer at Wal-Mart's facility in Gilroy, California in July 2024. In October and November 2025, he sustained back injuries while performing his job duties, which he reported to his manager and team lead. Flores then applied for worker's compensation in connection with the injuries. Thereafter, Flores's manager and team lead called him into a meeting, presented him with a document stating that Flores was at fault for the injuries, instructed him to sign the document, and stated that his refusal to do so would be considered insubordination and job abandonment. Flores refused to sign the document and, understanding that he had been terminated, turned in his work-provided possessions. The next day, Flores's manager called him to ask if he was abandoning his job. When Flores responded that the manager "had stated the day before that leaving without signing the document would be considered job abandonment," the manager "denied making the

statement." Shortly thereafter, Flores received a separation notice from Wal-Mart.

Based on these allegations, Flores filed a complaint of discrimination with the California Civil Rights Department and received a right-to-sue letter in December 2025. Flores then filed this action against Wal-Mart and ten unnamed "Doe" defendants in Santa Clara County Superior Court, asserting claims under various provisions of California's Fair Employment and Housing Act, Cal. Gov't Code § 12940 *et seq.*, and a common-law claim for wrongful termination in violation of public policy. His complaint seeks a variety of relief, including compensatory damages for "loss of earnings, deferred compensation, … other employment benefits," "emotional distress," and "reasonable medical expenses," as well as "restitution of unpaid wages" and "punitive damages."

After being served, Wal-Mart removed the action to this Court based on diversity jurisdiction. Now before the Court is Flores's motion to remand.

**LEGAL STANDARD**

A defendant may remove a case from state court to federal court only if the federal court would have had original subject-matter jurisdiction over it. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Pursuant to 28 U.S.C. § 1332(a), federal district courts have original jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs. *Id.* § 1332(a). A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business—the corporation's "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 81 (2010). There is a strong presumption against removal to federal court under diversity jurisdiction, and the removal statute is strictly construed against finding federal jurisdiction. *California v. AbbVie Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019). Thus, a removing defendant bears the burden of proving federal jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010).

The Ninth Circuit has made clear, however, that courts must not permit a plaintiff "to

2

prevent or delay removal by failing to reveal information showing removability" in the complaint. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). So where a plaintiff's complaint "does not enumerate the [plaintiff]'s claimed damages ..., a removing defendant need only allege in its notice of removal that the amount in controversy requirement is met." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "Thereafter, the plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations." *Id.* "A 'facial' attack accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (citation modified). "For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (citation modified). By contrast, "a factual attack contests the truth of the allegations themselves." *Harris*, 980 F.3d at 699 (citation modified). "When a plaintiff mounts a factual attack, the burden is on the defendant to show, by a preponderance of the evidence, that the amount in controversy exceeds the ... jurisdictional threshold." *Id.*

## ANALYSIS

Wal-Mart has carried its burden of establishing that removal was proper based on diversity jurisdiction.

### I.    Complete Diversity

Wal-Mart has demonstrated complete diversity. As all parties agree, Flores is a citizen of California. The only question, then, is whether Wal-Mart is also a citizen of California. As noted above, that question turns on where Wal-Mart is incorporated and where its principal place of business (or "nerve center") are located. *Hertz*, 559 U.S. at 81.

The parties agree that Wal-Mart is a Delaware corporation and is therefore a Delaware citizen. But they disagree as to the location of its "nerve center"—i.e., the place where Wal-Mart's high-level officers "direct, control, and coordinate the corporation's activities," which is "normally … the place where the corporation maintains its headquarters." *Id.* In its notice of removal, Wal-Mart asserts that its principal place of business is Bentonville, Arkansas. As support for that

United States District Court
Northern District of California

3

assertion, Wal-Mart's notice of removal included an exhibit with a "statement of information" that it filed with the California Secretary of State in 2025. The statement indicates that the company's principal and mailing addresses are in Bentonville, and that each of its officers (including its Chief Financial Officer and Chief Executive Officer) work at Wal-Mart's Bentonville headquarters.

Flores nevertheless insists in both his motion to remand and his reply that Wal-Mart maintains a principal place of business in California. Yet he has not offered any evidence to support his assertion. He points only to the allegations in his complaint, which are not evidence and certainly do not tip the scale when weighed against Wal-Mart's clear documentary proof of its Arkansas headquarters.

Wal-Mart has therefore demonstrated by a preponderance of the evidence that it is a citizen only of Delaware and Arkansas, such that complete diversity exists.

## II.   Amount in Controversy

Wal-Mart has also demonstrated that the amount in controversy satisfies the jurisdictional threshold. Because Flores's complaint does not enumerate his damages, Wal-Mart's notice of removal needed only to allege that the amount in controversy exceeded $75,000. *Harris*, 980 F.3d at 699. It did so.

Flores did not dispute in his motion to remand that the amount in controversy exceeded $75,000. But in his reply, Flores argues that the notice of removal does not sufficiently explain the basis for its assertion that the amount in controversy exceeds $75,000. Flores contends that Wal-Mart's assertion is based on assumption and that Wal-Mart fails to identify anything in his complaint suggesting an amount in controversy above $75,000. Because Flores "contests the sufficiency of [Wal-Mart]'s jurisdictional allegations, not their truth, … he launches only a facial attack." *Kilkenny v. Gen. Motors, LLC*, 812 F. Supp. 3d 985, 990 (N.D. Cal. 2025) (citing *Harris*, 980 F.3d at 699). Thus, the Court asks only "whether the allegations [in the notice of removal] are sufficient as a legal matter to invoke the court's jurisdiction." *Salter*, 974 F.3d at 964. They are. Wal-Mart's notice of removal alleges multiple plausible bases for finding that the amount in controversy exceeds $75,000.

United States District Court
Northern District of California

United States District Court
Northern District of California

First, because Flores's complaint expressly seeks to recover damages for lost earnings, Wal-Mart estimated the expected amount of such back-pay damages:

> Assuming Plaintiff was a minimum wage earner earning $16.50 per hour, if Plaintiff were to prevail on his claims, he could be entitled to lost earnings (e.g., back pay) in an amount of approximately $7,260.00 for the 11 weeks from his separation on about November 25, 2025 through the filing of his instant Complaint on February 2, 2026 – with that amount growing as this case progresses. For example, if trial were set for eighteen (18) months after Walmart was served, or approximately 21 months (91 weeks) after his employment was separated, Plaintiff may be seeking a total of approximately 15.5 bi-weekly pay periods of lost wages, or nearly $60,060.00 in alleged lost past wages, not including any future lost wages beyond the time of judgment.

Flores makes no attempt to explain why this estimate is not plausible. Though he faults Wal-Mart for failing to provide evidence to support the assumptions underlying this estimate, "a notice of removal 'need not contain evidentiary submissions.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014)). "Only upon a *factual* attack does [the defendant] have an affirmative obligation to support jurisdictional allegations with proof." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) (emphasis added). As already explained, Flores has launched only a facial attack. The Court therefore credits Wal-Mart's reasonable estimate of $60,060 in potential back-pay damages.

Next, Wal-Mart estimated Flores's potential front-pay damages. As the notice of removal notes, "[f]ront pay awards in California frequently span a number of years," and even a two-year award of future wages in this action could total an additional $68,640. Again, Flores has not contested the reasonableness or plausibility of that calculation.

The allegations in the notice of removal concerning Wal-Mart's exposure for front- and back-pay damages alone suffice to demonstrate an amount in controversy of $128,700, well above the jurisdictional threshold of $75,000. But Wal-Mart's notice alleges that the amount in controversy is even higher, as Flores's complaint also seeks emotional-distress damages, prospective attorney's fees, and punitive damages. Wal-Mart points to case law supporting its

United States District Court
Northern District of California

reasonable expectation that emotional-distress damages and attorney's fees could each add significantly to its exposure. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (affirming finding that employment-discrimination plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" on top of roughly $55,000 in lost wages), *as amended on denial of reh'g and reh'g en banc* (Feb. 13, 2006); *Rivera v. Costco Wholesale Corp.*, No. 08-CV-02202, 2008 WL 2740399, at *12–13 (N.D. Cal. 2008) (denying motion for remand in part because "[e]mployment discrimination claims require a great deal of preparation and effort to maintain, and … fees will likely become substantial"). And Wal-Mart's notice of removal accurately explains that Flores's pursuit of punitive damages may multiply the amount in controversy by a factor of four. *See Adgate v. Robinson Ford Sales, Inc.*, 208 F.3d 220 (9th Cir. 2000) ("California courts have often approved punitive damages exceeding a four-to-one ratio" depending "on the severity of the defendant's misconduct, the injury caused, and the financial condition of the defendant."). Flores has not addressed or rebutted these allegations in any meaningful way.

In sum, the allegations in Wal-Mart's notice of removal easily suffice to establish that the amount in controversy exceeds $75,000. Flores offers nothing to the contrary. Wal-Mart has therefore established federal jurisdiction over Flores's claims.

**CONCLUSION**

For the foregoing reasons, Flores's motion is DENIED.

**IT IS SO ORDERED.**

Dated: June 22, 2026

P. Casey Pitts
United States District Judge